Pratt, J.
—The contention of the plaintiff upon the trial was that while alighting from the defendant’s car at the Thirty-fourth street terminus, the car suddenly started and threw her to the ground, causing injuries to her limb.
No point is made that the plaintiff was not exercising due care, but there is evidence in the case tending to prove that one of the horses attached to the car was restless and sud *442 denly started, causing the car to swing around and strike the plaintiff.
The court charged the jury that “if, through a defect in this turn table, or a fractious or a restless horse, or any inattention on the part of the driver, this car was moved in such a way as to throw the plaintiff upon the ground, then the defendants failed in their duty towards her and that would be negligence which would make them responsible for her injury.”
The mere fact that the horse suddenly became fractious or restless was not enough, standing alone, to charge the defendants with negligence It is true the defendants were bound to use safe and suitable means of drawing their cars, but if, without any notice of the fact that the disposition of the horse was fractious or restless, and, while the driver was careful and attentive to his duties, a sudden and unexpected movement of the horse occurred, in such case the defendants would not be liable.
There was no contention that the horse was unsuited for the service, and it was the sole defense that the accident was occasioned solely by such unexpected movement of the horse. The vice of the charge rests solely upon the use of the word “or” instead of and before the words fractious and restless, which might have permitted the jury to infer that such unexpected movement of the horse was sufficient alone to charge the defendants.
Emphasis was given to this view by the refusal of the court to charge the following request. If the movement of the car was occasioned by a sudden and unexpected movement of the horse, which happened notwithstanding the driver’s care and attention to his duties, then the occurrence was one that the law designates as an unavoidable accident, and the verdict must be for the defendants.”
This request was proper and ought to have been charged unless the point had already been covered by the charge.
"Upon a careful reading of the whole charge, we think it is evident the jury could not have been misled to the prejudice of the defendant.
The last words of the charge are as follows: “The plaintiff must prove her case; if she leaves it doubtful, she is not entitled to recover; she must prove these facts to which I have directed your attention, namely, that this injury was caused solely by the carelessness of the driver or the persons in charge of this car.”
The point was distinctly made that the issue to be determined by the jury was whether the carelessness of the driver was the sole cause of the accident.
A charge is not to be judged by an isolated sentence ' severed from its connection with the balance of the charge, *443 but its general scope and the effect it must have had upon the jury. If it is evident that the jury could not have been misled, and that the real issue was properly submitted to the jury, the verdict must stand, notwithstanding some erroneous expression in the charge.
The judge having thus stated to the jury that the plaintiff could not recover unless they found that personal carelessness on the part of the driver was the sole cause of the injury, it was not error to refuse the charge as requested.
The charge, as finally made, excluded the statement previously made that the use of a fractious or restless horse might impose liability upon the defendant.
The charge, taken as a whole, fairly and clearly submitted the case to the jury, and we fail to see how they could have been mislead as to their duty.
Judgment affirmed, with costs.
Barnard, P. J., and Bykman, J., concur.